**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MATTHEW SMITH, | ) | |
| Plaintiff, | ) | 3:09-cv-00568-LRH-RAM |
| vs. | ) | **ORDER** |
| STATE OF NEVADA, *et al*., | ) | |
| Defendants. | ) | |

Plaintiff Matthew Smith filed a complaint in Nevada state court alleging violations of his constitutional rights under 42 U.S.C. § 1983. The complaint was removed to this court by defendants on the basis of federal question jurisdiction. The complaint is subject to the provisions of 28 U.S.C. § 1915 and the court's review under that statute is discussed below.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

2

allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Discussion

To prevail under section 1983, a plaintiff must demonstrate that he has suffered a violation of rights protected by the Constitution or federal statute, caused by the conduct of a person acting under color of state law.  *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991).   Here, plaintiff brings four claims for relief all arising from the confiscation or denial of certain written materials which plaintiff characterizes as religious and which defendants have characterized as hate literature and gang materials.  He seeks declaratory and injunctive relief and monetary damages.

Plaintiff complains of disciplinary proceedings and sanctions which, he contends, violated his right to due process as guaranteed by the Fourteenth Amendment.  He further complains the actions were taken in retaliation for his association with a religious group.  Plaintiff names the State of Nevada and five prison staff or officials as defendants.  A person cannot be sued in their official capacity for money damages.  Only injunctive relief is available for defendants said to be acting in their official capacity.  On the other hand, personal capacity suits seek to impose personal liability upon a governmental official for actions taken under the color of state law.  *Kentucky v. Graham,* 473 U.S. 159, 165 (1985).

Under the Eleventh Amendment to the Constitution, states are generally immune from actions in Federal courts as are agencies of the state.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Congress has the power to override that immunity through legislation authorized by section 5 of the Fourteenth Amendment.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  Pursuant to that power, Congress enacted 42 U.S.C. § 1983, which states in pertinent part:

> Every <u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . (emphasis added).

3

1  Section 1983 did not override the Eleventh Amendment immunity; the State of Nevada and any
2  governmental entity that is considered an "arm of the State" for Eleventh Amendment purposes are
3  not "persons" within section 1983's meaning of the term.  *See Doe v. Lawrence Livermore Nat.*
4  *Laboratory*, 131 F.3d 836 (9th Cir. 1997) (quoting *Will*, 491 U.S. at 70).  The State of Nevada shall
5  be dismissed from this action.

<u>The Complaint</u>

7  Plaintiff alleges that he was placed in administrative segregation (Ad Seg) and then, one
8  month later, was served with a notice of disciplinary charges filed by defendants James Donnelly
9  and Stephen Clark, which accused him of gang activity in recruiting and/or screening out new
10  inmates for membership in a white supremacy gang, through acts of intimidation.  Plaintiff was
11  identified in the charges as the "enforcer of the group," "the one who assaulted inmates if they did
12  not comply with the groups [sic] orders."  Following a hearing, conducted by defendant Stephen
13  Clark,  where plaintiff was denied any witnesses, because they would be redundant, plaintiff was
14  convicted of the charges based on evidence from "two independent sources" and despite, according
15  to plaintiff, the Inspector General's Office confirming the plaintiff was "not a validated gang
16  member."  Plaintiff appealed the results of the hearing, but the findings were upheld by defendant
17  Jack Palmer.  Further appeals were unsuccessful.

18  Plaintiff also contends the disciplinary proceedings and sanctions were retaliatory because of
19  his association with a non-Christian religious group which is involved in litigation with the
20  defendants.  He claims defendants Skolnik, Palmer and Helling failed to properly train and supervise
21  their employees and that they failed to ensure the employees' compliance with Administrative
22  Regulations, when his transfer to another institution was delayed for some three and one-half
23  months, despite the regulatory requirement that such transfers take precedence over others.

<u>Due Process - Procedural</u>

25  In order to state a cause of action for deprivation of procedural due process, a plaintiff must
26  first establish the existence of a liberty interest for which the protection is sought.  In *Sandin v.*
27  *Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held

28

4

1 that states created protectable liberty interests by way of mandatory language in prison regulations. *Id*. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id*. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

A prisoner has a liberty interest when confinement imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. In *Sandin*, the Court focused on three factors in determining that plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Sandin*, 515 U.S. at 486-87; *Resnick v. Hayes*, 2000 WL 654114, at *5 (9th Cir., May 22, 2000).

Plaintiff does not contend that his sentence was extended as a result of his disciplinary conviction. Rather, he complains that he lost his job, some personal property, privileges and suffered an increase in custody level and a transfer to a more secure institution. Even if plaintiff did have a liberty interest in remaining in the general population at the Lovelock Correctional Center, which this Court affirmatively finds he does not, *see e.g. Mood v. Daggett,* 429 U.S. 78, 88, n.9 (1976); *Olim v. Wakinekona,* 461 U.S. 238, 245 (1983), those interests were not violated by the procedures he describes.

Where a protected liberty interest exists, the Supreme Court has set out the following procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to

institutional safety or correctional goals; (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Plaintiff acknowledges that the requirements of notice and a written statement of facts and evidence relied upon was provided. His right to call witnesses was not improperly denied, where there is an institutional safety interest in not having multiple witnesses whose testimony would be of questionable value given their anticipated bias. He makes no claim that he requested or required legal assistance. Plaintiff has not stated a procedural due process claim against any defendants.

### Due Process - Substantive

To establish such a violation, a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare. *Patel v. Penman,* 103 F.3d 868, 874 (9th Cir. 1996). Plaintiff contends that defendants Skolnik, Palmer, and Helling violated his substantive due process rights by failing to adequately train and supervise their subordinate employees. This apparently relates to plaintiff's contention that the notice of charges was not signed by the appropriate official. However, the claim is belied by the facts provided in the complaint, in that defendant Palmer informed plaintiff that his signature in approving the charges made him the "charging officer." The claim fails to provide any facts which demonstrate that the actions taken by Clark, Donnelly or Palmer violated plaintiff's constitutional rights. *City of Canton, Ohio V. Harris et al.*,489 U.S. 378, 379 (1989).

### Retaliation

Plaintiff contends that the disciplinary charges and the resulting sanctions were retaliatory and punitive because of his association with a particular religion. A prisoner alleging retaliation under 42 U.S.C. § 1983 must establish (1) that he was retaliated against for exercising his constitutional rights and (2) that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir.1995); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985). Where a prisoner challenges the veracity of the foundation for

6

disciplinary charges against him, this dispute can support a jury finding of retaliation. *See Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir.1997). "The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt*, 65 F.3d at 806.

Based on the facts provided in the complaint, specifically that plaintiff and his group of religious associates used intimidation and assault to recruit or screen likely candidates among newly arrived inmates, and that they controlled the yard to exclude undesirable inmates, it is clear the actions taken by defendants promote the very important and legitimate penological interest in maintaining the safety and security of the prison.

### III. Conclusion

Plaintiff's facts do not support his claim for retaliation. His due process rights were not violated during the disciplinary proceedings and he cannot demonstrate that the actions taken were retaliatory, since they served a legitimate penological interest.  It does not appear that plaintiff could amend the complaint to state facts which would save any of his claims.  His factual recitation is detailed and complete.  The complaint shall be filed and dismissed.

**IT IS THEREFORE ORDERED** that the Complaint is **dismissed** for failure to state a claim.  The Clerk shall enter judgment accordingly.

DATED this 21st day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

7